IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

INTERNAL MEDICINE RURAL HEALTH        PLAINTIFF
CLINIC OF NEW ALBANY, P.A., d/b/a
NEW ALBANY MEDICAL GROUP

v.                                    Civil Action No. 3:18-cv-00192-GHD-RP

THE LANGMAS GROUP, INC.               DEFENDANT

## ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR DEFAULT JUDGMENT

Presently before the Court is the Plaintiff's motion for default judgment [Doc. No. 14] against the Defendant The Langmas Group, Inc. Upon due consideration of the motion, the Court is of the opinion that the motion should be granted in part and denied in part - the Court shall grant the portion of the Plaintiff's motion seeking entry of default judgment against the Defendant as to liability in favor of the named Plaintiff itself; the Court shall deny the remainder of the Plaintiff's motion for the reasons set forth below.

On September 7, 2018, the Plaintiff filed its Complaint [Doc. No. 1] against the Defendant, seeking statutory damages for four separate violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"), which restricts, among other things, the sending of unsolicited advertisements via fax. *See* 47 U.S.C. § 227. Specifically, the Plaintiff alleges that on four separate occasions (December 20, 2017; January 17, 2018; February 17, 2018; and March 14, 2018), it received unsolicited fax advertisements from the Defendant that did not have an opt-out provision; that the Plaintiff never gave the Defendant prior permission to send fax advertisements; and that the Plaintiff did not have an established business relationship with the Defendant prior to receipt of the faxes. *See* Pl.'s Compl. at ¶¶ 15-19. Plaintiff further alleges, based solely upon

information and belief, that an uncertain number of other putative class members received similar faxes from Defendant. *See* Pl.'s Compl. at ¶ 24. Plaintiff seeks statutory damages in the amount of $500.00 for each violation, trebled because the transmissions were allegedly willful, and injunctive relief. *See* Pl.'s Compl. at ¶¶ 34, 35, 40. Plaintiff served Defendant with service of process on November 6, 2018, and the Clerk of Court entered a Default on February 28, 2019. *See* Doc. No. 13. The Defendant has failed to respond to the Plaintiff's Complaint or the present motion.

The TCPA provides that "[i]t shall be unlawful for any person within the United States ... to use any telephone facsimile machine, computer, or other device to send, to a telephone facsimile machine, an unsolicited advertisement [unless certain conditions are met] ...." 47 U.S.C. § 227(b)(1)(C). The TCPA does not prohibit the sending of unsolicited facsimiles (faxes) to a recipient who has an "established business relationship" with the sender, and a recipient of a fax that violates the TCPA may recover actual monetary loss, or $500, whichever is greater, for each TCPA violation. 47 U.S.C. § 227(b)(3)(B). Moreover, "the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under subparagraph (B) of this paragraph" for willful or knowing violations. 47 U.S.C. § 227(b)(3). The TCPA also allows for injunctive relief. 47 U.S.C. § 227(b)(3)(A).

It is well settled that "[t]he defendant, by his default, admits the plaintiff's well-pleaded allegations of fact," but "[t]he defendant is not held to admit facts that are not well-pleaded."[1]

---

[1] "[D]etailed factual allegations are not required, but the pleading must present more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L. Ed. 2d 868 (2009). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do" nor does "a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement." *Id.*

*Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975). Here, the well-pleaded allegations set forth in the Complaint, including the Exhibits that evidence the faxes that Defendant sent to Plaintiff, establish that the Defendant violated the TCPA on four separate occasions with respect to the Plaintiff, for which Plaintiff is entitled to $2,000.00 in statutory damages ($500.00 per fax). Plaintiff, however, has failed to allege sufficient facts to establish that the violations were willful or knowing. Instead, Plaintiff simply states that "Defendant's actions, and/or those of their agents, have shown that Defendant willfully or knowingly violated the TCPA." *See* Pl.'s Compl. at ¶ 35. This is insufficient to demonstrate a knowing or willful violation of the Act. *Ashcroft*, 556 U.S. at 678; *Lary v. Trinity Physician Fin. & Ins. Servs.*, 780 F.3d 1101, 1107 (11th Cir. 2015). Accordingly, the Plaintiff's request for treble damages is denied. *See id.* As for Plaintiff's request for injunctive relief, Plaintiff's allegations establish neither a likelihood of future harm nor the inadequacy of its remedy at law; accordingly, it is not entitled to an injunction. *City of Los Angeles v. Lyons*, 461 U.S. 95, 105, 103 S.Ct. 1660, 1667, 75 L. Ed. 2d 675 (1983). Thus, the Plaintiff's request for injunctive relief is not well-taken and will also be denied. *Id.* Finally, the Plaintiff has wholly failed to plead sufficient facts to indicate that any other putative class members received unsolicited faxes from the Defendant; instead, the Plaintiff solely bases those allegations, which are not well-pleaded, on "information and belief," which is insufficient when not accompanied by factual information that makes the inference of culpability plausible. *See Ashcroft*, 556 U.S. at 678-79. Accordingly, Plaintiff's requests regarding putative class members are denied.

Accordingly, the Court ORDERS AND ADJUDGES that Plaintiff's unopposed motion for default judgment [Doc. No. 14] is GRANTED IN PART against Defendant The Langmas Group, Inc. and a final judgment is entered in favor of Plaintiff Internal Medicine Rural Health Clinic of

New Albany, P.A., d/b/a New Albany Medical Group against Defendant The Langmas Group, Inc. in the amount of $2,000.00 to accrue interest at the current federal rate of 2.44% from the date of entry until the judgment is satisfied. The remainder of the Plaintiff's motion is DENIED. The Plaintiff may seek an award of costs pursuant to L.U.CIV.R. 54(c) within thirty days of entry of judgment.

    A default judgment in accordance with this order shall issue this day.

SO ORDERED, this 26th day of April, 2019.

                                               /s/ Sam H. Davidson
                                               SENIOR U.S. DISTRICT JUDGE